# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| ALYSSA SCHUKAR,<br><br>*Plaintiff*,<br><br>v.<br><br>REAL TIMES MEDIA, LLC d/b/a MICHIGAN CHRONICLE,<br><br>*Defendants*. | Case No. 2:26-cv-10334<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Alyssa Schukar, by and through her undersigned counsel, brings this Complaint against Defendant Real Times Media, LLC d/b/a Michigan Chronicle and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Plaintiff Alyssa Schukar ("Schukar") is an individual and professional photographer.

3. Upon information and belief, Defendant Real Times Media, LLC ("Real Times Media") is a limited liability corporation organized and existing under the laws of the state of Michigan with its registered office located at 1452 Randolph Street, Suite 400, Detroit, Michigan 48226 and is, or was, at all relevant times doing business under the trade name Michigan Chronicle.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendant named in this caption.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

6. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the state of Michigan and/or Defendant transacts business in the state of Michigan.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendant or its agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Alyssa Schukar*

8. Plaintiff Schukar is a professional photographer specializing in editorial photography and photojournalism.

9. Plaintiff Schukar licenses her work for a fee.

10. Plaintiff Schukar's work has been featured in top publications such as *New York Times*, *Wall Street Journal*, *Chicago Magazine*, *The Smithsonian Magazine*, and her work has been honored by Pictures of the Year International, the NPPA's Best of Photojournalism, and World Press Photo, among others.

11. Plaintiff Schukar's portfolio can be viewed on her website found at https://www.alyssaschukar.com/.

12. Plaintiff Schukar's livelihood depends on receiving compensation for the photographs she produces.

13. The photographic work Plaintiff Schukar creates is devalued when others copy and profit from that work without her permission.

14. The copyright protection afforded to Plaintiff Schukar's photographic work is intended to deter would-be infringers from copying and profiting from her work without permission.

15. Plaintiff Schukar is the sole author and exclusive rights holder to a photograph of three, three-sided cardboard dividers, with the word "Vote" and image of the United States Flag imprinted on the dividers, sitting on top of tables in a gymnasium and voters sitting at the tables filling out their ballots within the privacy of the dividers ("Schukar Photograph").

16. Attached hereto as Exhibit A is a true and correct copy of the Schukar Photograph.

17. Schukar registered the Schukar Photograph with the United States Copyright Office under Registration Number VA 2-276-439 with the file name 20201103-NYTvaVote-0891.jpg and an Effective Date of Registration of October 20, 2021.

18. Attached hereto as Exhibit B is a true and correct copy of Registration No. VA 2-276-439.

19. The Schukar Photograph originally appeared in an article featured by the New York Times on April 2, 2021, titled *Virginia, the Old Confederacy's Heart, Becomes a Voting Rights Bastion* ("NYT Article").

20. Attached hereto as Exhibit C is a true and correct copy of a screenshot of the NYT Article.

21. The Schukar Photograph, as it appeared in the NYT Article, included a photo credit ("Schukar Photo Credit") below the bottom right-hand corner of the image crediting the author of the Schukar Photograph as Alyssa Schukar.

22. Attached hereto as Exhibit D is a true and correct copy of a screenshot of the Schukar Photograph with the Photo Credit as it appeared in the NYT Article.

### *Defendant Real Times Media, LLC*

23. Upon information and belief, Defendant Real Times Media, LLC was at all relevant times doing business under the tradename Michigan Chronicle.

24. Upon information and belief, Defendant Real Times Media controls and manages the website found at https://michiganchronicle.com/ ("Michigan Chronicle Website").

25. According to the "About Us" webpage on the Michigan Chronicle Website, the Michigan Chronicle is "a news, information, and events company that covers the interests of the African American community." https://michiganchronicle.com/about-us/.

26. Upon information and belief, Defendant Real Times Media generates content on the Michigan Chronicle Website for commercial purposes.

27. Upon information and belief, the Michigan Chronicle Website is monetized through content colloquially known as "clickbait."

28. As the name implies, "clickbait" is generally defined as content whose main purpose is to attract attention and encourage Internet users to click on a link to a particular web page thereby maximizing revenue for the website owner from advertisers who pay for unique visitor impressions. "Clickbait" is generally produced with minimal effort, especially at the expense of quality or accuracy, by relying on misappropriated and unoriginal content coupled with catchy or sensationalistic headlines.

29. At all relevant times, Defendant Real Times Media had the ability to supervise and control all content on the Michigan Chronicle Website.

30. At all relevant times, Defendants Real Times Media had a direct financial interest in the content and activities of the Michigan Chronicle Website (including the activities alleged in this Complaint).

31. At all relevant times, the Michigan Chronicle Website was readily accessible to the general public throughout Michigan, the United States, and the world.

### *Defendant's Willful, Unauthorized Use of the Schukar Photograph*

32. On or about July 7, 2023, Plaintiff Schukar discovered her Schukar Photograph being used on the Michigan Chronicle Website in an article dated December 10, 2023 and titled *Is Ranked-Choice Voting the System For Future Elections in Michigan?* ("Michigan Chronicle Article").

33. Attached hereto as Exhibit E is true and correct screenshot of the Schukar Photograph as used on the Michigan Chronicle Website in the Michigan Chronicle Article, including a date-stamp showing the date the Schukar Photograph was discovered.

34. In no event did Plaintiff Schukar grant Defendant Real Times Media or the Michigan Chronicle a license, permission, or authorization to use, make a copy of, or publicly display the Schukar Photograph on the on the Michigan Chronicle Website or in any other manner.

35. Upon information and belief, Defendant Real Times Media (including its agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Schukar Photograph and caused it to be uploaded to and displayed on the Michigan Chronicle Website.

36. Upon information and belief, Defendants Real Times Media (including its agents, contractors or others over whom it has responsibility and control) used,

displayed, published, and otherwise held out to the public Plaintiff Schukar's original and unique Schukar Photograph for commercial benefit and acquired monetary gain and market benefit as a result of use of the Schukar Photograph on the Michigan Chronicle Website.

37. Specifically, the purpose of the use of the Schukar Photograph on the Michigan Chronicle Website was to couple high-quality visual content, via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of Defendant Real Times Media and the Michigan Chronicle's marketing message; to support Defendant Real Times Media and the Michigan Chronicle's marketing goals to provide news, information, and events that cover the interests of the African American community; and to entice users to browse through the Michigan Chronicle Website and ultimately click on the clickbait advertising which would generate revenue for Defendant Real Times Media.

38. After discovering the unauthorized use of the Schukar Photograph, Plaintiff Schukar, through counsel, sent cease and desist correspondence to Defendant Real Times Media and communicated with counsel for Defendant Real by email in an attempt to resolve this matter, but the parties were unable to resolve the matter.

39. Upon information and belief, Defendant Real Times Media and the Michigan Chronicle's use of the Schukar Photograph was deliberate and willful because they knew, or should have known, they did not have a legitimate license or permission to use the Schukar Photograph.

40. Specifically, Defendant Real Times Media and the Michigan Chronicle are in the journalism and media industry and are sophisticated with regard to copyright law as it applies to a copyright owner's rights in a photograph. Defendant Real Times Media and the Michigan Chronicle knew they did not have any

ownership rights in the Schukar Photograph and knew they needed authorization to use a photograph in which they did not have any ownership rights.

41. Moreover, as of January 26, 2026, Defendant Real Times Media continues to store a copy of the Schukar Photograph on the Michigan Chronical Website's server after being put on notice through correspondence and discussions with Defendant Real Times Media's counsel that the use is unauthorized and Defendant Real Times Media must cease and desist the unauthorized use.

42. Attached hereto as Exhibit F is a true and correct screenshot of the Schukar Photograph as stored on the Michigan Chronical Website and is found at https://michiganchronicle.com/wp-content/uploads/sites/2/2022/12/Ranked-Voting-Lead-e1670615250450.png.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff owns a valid copyright in the Schukar Photograph.

45. Plaintiff registered the Schukar Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

46. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of and displayed Plaintiff's unique and original Schukar Photograph without her consent or authorization in violation of 17 U.S.C. § 501.

47. Plaintiff is informed and believes and thereon alleges that Defendant willfully infringed upon Plaintiff's rights in her copyrighted Schukar Photograph in violation of Title 17 of the U.S. Code.

48. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

49. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff's election, statutory damages, pursuant to 17 U.S.C. § 504(c).

50. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

51. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright in the Schukar Photograph pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

52. Plaintiff Schukar hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Schukar Photograph by copying and publicly displaying it without a license or consent;

- For a finding that Defendant's conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of Plaintiff's Schukar Photograph pursuant to 17 U.S.C. § 502;

- For pre-judgment and post-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: January 29, 2026                                  Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
MI State Bar No. P78707
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbee.law
*Counsel for Plaintiff*